759 So.2d 752 (2000)
K.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1373.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
*753 Richard L. Jorandby, Public Defender, and Maxine Williams, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lara J. Edelstein, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
TAYLOR, J.
We grant appellee's motion for rehearing. We withdraw the opinion issued April 26, 2000 and substitute the following:
K.G. appeals from a delinquency order finding that she violated conditions of her juvenile court aftercare program. She also appeals the order denying her motion for rehearing as untimely. We reverse.
Appellant was committed to a Level 4 program on February 14, 1997. The disposition order required that she be placed on community control following her furlough from the Level 4 program. Sometime after entry of the order, the Department of Juvenile Justice (DJJ) administratively transferred appellant to a more restrictive Level 8 program. After appellant attended the Level 8 program, DJJ placed appellant on aftercare with supervision by Florida Ocean Sciences Institute, Inc., Student And Family Enhancement (FOSI).
At a status hearing held on January 25, 1999, appellant's juvenile probation officer (JPO) stated that appellant was in violation of aftercare. Additionally, a FOSI aftercare counselor presented an affidavit alleging that appellant violated aftercare by leaving home without permission, disobeying curfew, and absconding from FOSI. Upon the state's motion, the court took appellant into custody. The court proceeded with a hearing and took testimony from the FOSI counselor and appellant's father. Although the JPO had not filed her violation report, she was allowed to testify pursuant to agreement of counsel that she would file her report later. The court found that appellant violated her aftercare, committed her to a Level 8 program, and detained her pending placement. The JPO filed an affidavit of violation of community control later that afternoon. On February 18, 1999, the court entered an amended disposition order finding appellant guilty of violation of "community control (aftercare)" and committing her to a Level 8 program with aftercare.
On March 17, 1999, at another status conference, defense counsel asserted that the violations of aftercare were improperly charged, and that the February 18, 1999 commitment order entered upon those violations was void. He informed the court that appellant's original disposition order of February 14, 1997 imposed a Level 4 commitment but did not include a provision for aftercare. The court heard testimony from various court personnel to determine whether appellant was placed on aftercare as part of the February 1997 disposition order. The DJJ in-court liaison witness confirmed that the disposition order did not contain a condition of aftercare. She also pointed out that the February 18, 1999 amended order committing appellant to a Level 8 program with aftercare was entered as a result of an allegation of appellant's violation of community control, although at the time of the alleged violation, appellant was not on community control but on aftercare. After considering testimony from FOSI concerning the reasons for appellant's placement on a Level 8 program, the court ruled that the February 18, 1999 order was valid and entered another amended disposition order, dated March 17, 1999, that committed appellant to a Level 8 program for the aftercare violations.
On March 29, 1999, appellant's counsel served a motion for rehearing, contending that the trial court lacked jurisdiction to *754 commit appellant for an aftercare violation because aftercare was not made a condition of the February 1997 disposition order. The court granted the state's motion to strike the motion for rehearing as untimely because it was not served within ten days of the disposition order. However, the state concedes on appeal that the motion was timely served.
The state acknowledges the absence of a court order requiring appellant to participate in aftercare upon completion of her commitment program. Furthermore, the record does not show that the juvenile was properly transferred by DJJ to the after-care program upon furlough from the Level 8 program.
We therefore reverse appellant's adjudication of delinquency for violation of aftercare and vacate the disposition orders of February 18, 1999 and March 17, 1999.
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.